"Welch, 0. J.
The statute makes it a penitentiary *316 -offense to obtain from any person property or money of the value of thirty-five dollars, or more, by false pretenses, and with the intent to defraud. It also makes it a like offense to procure the signature of any person as indorser ■of a check, or other paper therein named, of like value, by like means, and with like intent. "We think this a good indictment for the first named of these offenses. Tr.ue, it has much more in it than is necessary to a description of that offense, and seems really to be an attempt to charge both offenses in the same count; but it contains all the ■elements of a good indictment for the first named offense. It charges that the prisoner obtained from Hendricks •seventy-five dollars by the false pretenses named, and with intent to defraud him of the money. It can not be held a .good indictment for the second offense—that is, the fraudulent procurement of Hendricks’ indorsement of the check —both, because the check is not alleged to be of any value, and also because the fraudulent intent charged relates exclusively to the obtaining of the money, and not to the procuration of the indorsement, which seems to have no connection with the procuration of money from Hendricks. .The charge is, not that the prisoner intended to defraud Hendricks by rendering him liable on his indorsement, nor simply and generally, in the language of the statute, that he intended to defraud, but specifically that he intended to •cheat and defraud Hendricks out of the money obtained from him.
But does the evidence support the indictment? We think not. There is no evidence tending to show that the prisoner obtained any money from Hendricks. The money was obtained from the bank. The fact that Hendricks was compelled to repay the amount to the bank did not make it his money. It was the indorsement, and not the money, that was obtained from Hendricks. The prisoner, from what appears in the evidence, might have been indicted and convicted, either for obtaining Hendricks’ indorsement of the check, by false pretense and with intent to defraud, or for obtaining the money from the bank by *317 like means and witk like intent. Indeed, I do not see-wiry lie might not also be indicted for uttering tbe forged or fictitious cheek. But he was indicted for neither of' these offenses, but' only for obtaining money of Hendricks, a charge which the evidence does not even tend to prove.
With regard to the practice of demurring to the evidence,. I will only say that it does not seem to be provided for or sanctioned by the criminal code. In such cases, instead of demurring, I think the better practice is to move the court to exclude the evidence, or to instruct the jury that it is insufficient. In the present ease we consider the demurrer-as the equivalent of such a motion, and the overruling of the demurrer as equivalent to overruling the motion.
The judgment must be reversed, and the cause remanded for further proceedings.

Judgment accordingly.